ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIELD LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, | ) ) | CASE NO. 5:09CV1994 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | MEMORANDUM OF OPINION |
| AMERICAN ARBITRATION ASSOCIATION, | ) ) | |
| Defendant. | ) | |

On August 25, 2009, Plaintiff, Field Local School District Board of Education ("the Board"), filed this action seeking declaratory and injunctive relief against Defendant. The complaint alleges the diversity jurisdiction is appropriate pursuant to 28 U.S.C. § 1332. To satisfy this requirement, the complaint alleges "the cost to the Board alone to arbitrate the three underlying grievances will exceed the sum or value of $75,000." Doc. 1 at 2. On September 4, 2009, this Court ordered Plaintiff to show cause why this case should not be dismissed for failure to satisfy the amount in controversy. Plaintiff offered its brief on the matter on September 18, 2009. For the reasons stated below, the complaint is DISMISSED WITHOUT PREJUDICE for failure to satisfy the elements of diversity jurisdiction.

**I.  Facts**

The Board is currently bound by a Master Agreement entered into with the Field Local Teachers Association ("the FLTA") on July 1, 2008. Article 7 of the Agreement details the grievance procedure. Article 7, subsection G, describes the arbitration process, providing that an

unsatisfied grievant "may request a hearing before an arbitrator under the rules of the Federal Mediation and Conciliation Service." Doc. 1-1 at 12. The Board contends the above language creates an exclusive forum for arbitration and that the FTLA has violated the above provision by submitting multiple matters to Defendant, the American Arbitration Association ("AAA"). The Board asserts that despite its efforts, the AAA has refused to dismiss the pending arbitrations.

In the instant matter, the Board seeks declaratory relief finding that the AAA has no jurisdiction to hear the pending arbitrations and no authority to compel the Board to submit to the arbitrations. In support of diversity jurisdiction and in response to this Court's show cause order, the Board asserts that the "the aggregate cost of arbitrating the three underlying grievances" is approximately $146,000. The Court now reviews the claim that jurisdiction is proper.

## II. Analysis

Generally, the cost of litigation is not included when determining the amount in controversy. 28 U.S.C. § 1332(b); s*ee also Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1212, n.4 (noting that costs are only appropriately included when the cause of action centers around an indemnification agreement or similar arrangement). In a declaratory action such as this, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977) (citations omitted). "It is generally agreed in this circuit that the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Woodmen of the World/Omaha Woodmen Life Ins. Soc. v. Scarbro*, 129 Fed. Appx. 194, 195-96 (6th Cir. 2005) (citations and quotation omitted).

Initially, the Court notes that the Board's reliance on the value of the underlying grievances is not proper. This dispute is not between the Board and the FLTA, but rather between the Board

and the AAA.   Thus, the value of the grievances cannot be used to support diversity jurisdiction. In determining the proper basis for computing the amount in controversy, the Court finds the following to be persuasive.

> This action must be distinguished from one to compel arbitration, where the amount of the underlying arbitration claim determines the amount in controversy. In the latter situation the suit is between the same parties as the arbitration proceeding and the motion to compel arbitration is merely the first step toward ultimate recovery of the amount at issue in the arbitration proceeding. However, in the present case the parties are not the same as those in arbitration and the issue is not whether to arbitrate but where to arbitrate. Thus, the specific right sought to be gained is merely to arbitrate in Minnesota rather than Utah, and it is with regard to this right that the amount in controversy must be calculated.

*S.J. Groves & Sons Co. v. American Arbitration Assn.*, 452 F.Supp. 121, 123-24 (D.Minn. 1978) (citation omitted).

Similar to the right sought to be gained in *S.J. Groves*, the Board seeks to vindicate its right to have only the Federal Mediation and Conciliation Service govern the arbitration proceedings. Thus, the issue is not whether to arbitrate, but simply which association will preside over the arbitration proceedings.  Accordingly, the Court finds that the costs related to arbitrating the grievances are not a proper basis for determining diversity jurisdiction.   If the Board were seeking to avoid arbitration, then the cost of arbitration would be an accurate measure of the object of the litigation.   Instead, this Court must value the true object of this litigation; the right of the Board to have only the association named in the Master Agreement govern the arbitration proceedings.

The Board has offered no evidence of this value.[1]   In fact, the Board has primarily relied upon the cost of arbitrating these matters, despite the fact that it is clear that the underlying

---

1 The Court believes that a proper measure under the circumstances would be a difference in costs between the AAA and the forum chosen in the Master Agreement.  *See Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004) ("Here, the object of the litigation was to avoid the additional costs Young would incur if the arbitration were held in California instead of Boston. Those costs are properly included in the calculation of the amount in controversy.").

grievances will ultimately be arbitrated regardless of this litigation. That is, while the Board claims damages, for lack of a better term, in the amount of its costs to arbitrate, it is clear that the alleged wrongful assertion of jurisdiction by the AAA has caused no such damage; the Board will incur these costs regardless of any decision from this Court. This litigation would only dictate in what forum those costs would be incurred.

Plaintiff has failed to demonstrate to this Court that the amount in controversy exceeds $75,000. As it is incumbent upon a plaintiff to establish the elements of diversity jurisdiction, this matter is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.


October 29, 2009            */s/ John R. Adams*
Dated                                      JUDGE JOHN R. ADAMS
                                              United States District Judge